BEFORE THE THIRD DIVISION, JUNE 28, 1956

**No. 60078.**—J. T. Steeb & Co., Inc. *v.* United States, protest 223335–K (Portland, Oreg.).

EKWALL, Judge: This case involves the legality of the assessment of additional duty under section 489 of the Tariff Act of 1930, upon merchandise imported and entered for consumption during the years 1939 and 1940, and liquidated during the year 1954. Plaintiff claims that such assessment was illegal for the reason that said section, insofar as it authorized such assessment, was repealed by section 18 of the Customs Simplification Act of 1953 (67 Stat. 507, 517).

No brief was filed by the plaintiff. Defendant contends in the brief filed by counsel that the Government's right to additional duties accrues and the importer's liability to pay them is incurred at the time of entry, not liquidation, and that, inasmuch as these goods were entered prior to the repeal of the statute involved, the date of entry governs.

In *Brown & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 93, T. D. 40026, it was held that the right of the Government to additional duty accrued and the importer's liability to pay was incurred at the time of entry and not liquidation.

In *Charles R. Allen* v. *United States*, 35 Cust. Ct. 77, C. D. 1725, the court used the following language:

Petitioner has referred to the fact that these entries were not liquidated until after the enactment of the Customs Simplification Act of 1953 (67 Stat. 507), which deleted the provision of section 489 providing for the assessment of additional duties for undervaluation of merchandise. Congress did not intend by said legislation to provide relief for liabilities which had already accrued or as to pending matters. *A. N. Deringer, Inc.* v. *United States, supra.* [42 C. C. P. A. (Customs) 28, C. A. D. 565.]

The rule being that the date of entry will control in a determination of the question of whether additional duties accrued under said section 489, since the instant entries were made in 1939 and 1940 and the Customs Simplification Act was effective September 7, 1953, the collector acted within the law in assessing the additional duties here involved.

Plaintiff's claim that such assessment was illegal is, therefore, overruled.

Judgment will be rendered accordingly.