(C. D. 1963)

KOELLER-STRUSS COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 3, 1958)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the petitioner. *George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector* and *Henry J. O'Neill*, trial attorneys), for the respondent.

Before JOHNSON, DONLON, and RICHARDSON, Judges

JOHNSON, Judge: This case is before us on a petition seeking relief from payment of additional duties assessed by reason of undervaluation of sugar candy imported from Cuba in 1946. Said duties were levied and this petition was filed under section 489 of the Tariff Act of 1930, which, prior to its modification by the Customs Simplification Act of 1953, read:

If the final appraised value of any article of imported merchandise which is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof shall exceed the entered value, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total final appraised value thereof for each 1 per centum that such final appraised value exceeds the value declared in the entry. * * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the United States Customs Court, upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. * * *

In addition to the claim that, in making the entry herein, petitioner had no intention of depriving the Government of any revenue, it was contended at the trial that additional duties were not applicable in this case, because liability therefor did not arise until after September 7, 1953, when the pertinent provisions of section 489, *supra*, became inoperative by reason of the Customs Simplification Act of 1953 (67 Stat. 507). Said act amended section 489 by deleting the first two paragraphs, including the above-quoted portion. It was further provided:

SEC. 23. Except as may be otherwise provided for in this Act, the repeal of existing law or modifications thereof embraced in this Act shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or

commenced in any civil or criminal case prior to such repeal or modification, but all liabilities under such laws shall continue, except as otherwise specifically provided in this Act, and may be enforced in the same manner as if such repeal or modification had not been made.

According to the record presented, this merchandise was entered at the port of St. Louis on November 29, 1946, at $10.14 per 100 pounds, plus tax. It was appraised on November 23, 1948, at 18 cents per pound, net, packed. A timely appeal for reappraisement was filed, but the same was abandoned in June 1954 and dismissed by the court on August 17, 1954. The entry was liquidated on September 10, 1954, and additional duties assessed.

Petitioner claims that no liability for additional duties on its part had accrued at the time the Customs Simplification Act of 1953 went into effect, that said act abolished additional duties, and that the saving clause is inapplicable. This contention is based on the view that liability under section 489, *supra*, did not accrue at the time of entry, because (1) entered value may be amended thereafter, (2) the final appraised value does not come into existence where an appeal for reappraisement is filed until a final decision by the court, and (3) the word "if" in section 489 implies a condition that does not come into existence until there has been a final appraised value.

In the instant case, the entry was never amended; therefore, the original entered value constitutes the only possible entered value herein. In the reappraisement proceedings, the court made no finding of value, leaving in full force and effect the value found by the appraiser long prior to the effective date of the Customs Simplification Act of 1953. *United States* v. *Gane and Ingram, Inc.*, 24 C. C. P. A. (Customs) 1, T. D. 48264; *United States* v. *F. B. Vandegrift & Co.*, 18 C. C. P. A. (Customs) 356, T. D. 44613. The only condition on the facts before us implied by the word "if" in section 489 is that the final appraised value exceed the entered value. In any case where this is found to have occurred, the assessment of additional duties necessarily follows under the mandate of the law. *Mecke & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 237, T. D. 40263.

Petitioner's contentions have been fully answered in the case of *Brown & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 93, T. D. 40026, where the issue was whether a petition for remission of additional duties might be filed under the Tariff Act of 1922 where the entries were made prior to the effective date thereof, but a final decision on an appeal for reappraisement was rendered subsequently. In the course of its opinion, the court said (pp. 100–101):

It seems to us that the decision in this case must rest upon the answers to the inquiries, Does the Government have any right accruing or accrued to additional duties at the time of entry if the merchandise is undervalued? and, Is there a liability upon the importer to the Government for additional duties at the time of entry if there is an undervaluation? To both of these questions the answers should be in the affirmative. It may be contended that the Government has a

right to regular duties at the time of entry, but that it has no right to the additional duty at the time of entry, and that there is no liability accruing or accrued on the part of the importer for additional duty at the time of entry. Additional duties under both statutes under discussion arise by virtue of undervaluation at the time of entry. It is the act of undervaluation that Congress sought to prevent. *The undervaluation was made at the time of entry, and it was then that the liability of the importer for additional duties and the right of the Government to them began and continued to exist. Subsequent appraisement or reappraisement does not change undervaluation.* Appraisement is only to determine what the market value, by which the valuation is measured, was on the date of exportation from the country from which the merchandise was exported. The obligation to pay additional duty therefore arose at the time the importer, in entering his merchandise, gave a valuation which was less than the market value at the time it left the foreign country, and was a liability within the meaning of section 641 [the saving clause in the Tariff Act of 1922]. The statute clearly provides that this liability "shall continue and may be enforced in the same manner as if said repeal or modification had not been made." If the liability continues and is to be enforced under the provisions of the old law, how can it be contended that the importer has any rights for remission other than by virtue of those arising from manifest clerical error? To give any other construction to this statute would lead us into interminable confusion.

\*     \*     \*     \*     \*     \*     \*

It will not be denied that the Government was entitled to regular duties on the correct market value when the goods were entered, notwithstanding the fact that the amount thereof was not finally determined until long after, and it seems clear that the same rule applies to additional duties, and that the fact that they were only declared upon final appraisement does not change the time of their accrual any more than it changes the time the importer becomes liable for regular duties.

It is urged by the importer that the liability for additional duties does not arise until after liquidation. Liquidation does not create any liability to pay duty. It merely registers the fact that duties had theretofore accrued to the Government. \* \* \* [Italics supplied.]

In the instant case, the liability for additional duties arose by virtue of the undervaluation at the time of entry, even through the fact and amount of such undervaluation were not determined until later. By express provision of the Customs Simplification Act of 1953, all liabilities under existing laws continue and are enforceable in the same manner as if no repeal or modification had been made. Therefore, the repeal of a portion of section 489 did not serve to cancel petitioner's liability for additional duties. As our court of appeals has pointed out, said repeal was not intended to provide any relief prior to the disposition of pending matters. *A. N. Deringer, Inc.* v. *United States*, 42 C. C. P. A. (Customs) 28, C. A. D. 565; *United States* v. *Kenneth Kittleson and E. W. Rollow*, 43 C. C. P. A. (Customs) 31, C. A. D. 605. See also *J. T. Steeb & Co., Inc.* v. *United States*, 37 Cust. Ct. 276, Abstract 60078, where this court held that the date of entry controlled in determining whether additional duties accrued under section 489 of the Tariff Act of 1930.

The remaining question before us is whether petitioner has established that, in undervaluing the merchandise, it had no intention to defraud the revenue, conceal or misrepresent facts, or deceive the appraiser as to the value of the merchandise.

It appears from the record herein that the entry before the court, No. 721, covered 100,000 pounds of assorted hard candies, one-half being imported for the account of B–1 Beverage Co. and the other half for the account of General Laboratories, Inc. The present petition involves the latter. A petition for remission was previously filed by B–1 Beverage Co. as to its portion of the candy, which petition was denied on March 16, 1956. *B–1 Beverage Co.* v. *United States*, 36 Cust. Ct. 373, Abstract 59768. The record in that case was incorporated herein.

In the instant case, Art H. Hanebrink, owner of the petitioner, a customs brokerage house, stated that he would give the same testimony as to the portion of merchandise imported for General Laboratories, Inc., as he had given as to the portion imported by B–1 Beverage Co. in the incorporated case. It also appears from the testimony of Paul M. Gerwitz, Jr., and Angus T. Lockhead, Jr., that Gerwitz had been secretary of B–1 Beverage Co. and general attorney for both companies; that one Earle A. Meyer had been president, director, and stockholder of B–1 Beverage Co. and vice president, director, and stockholder of General Laboratories, Inc.; and that one Oliver C. Thener had been president of General Laboratories, Inc., and had succeeded Meyer as president of B–1 Beverage Co.

Gerwitz produced a letter of credit in the sum of $9,550 drawn for the account of General Laboratories, Inc., covering the full invoice cost of 50,000 pounds of assorted hard candy (respondent's exhibit B), and an invoice, addressed to General Laboratories, Inc., covering 50,000 pounds of assorted hard candy at a price of $0.191 per pound c. i. f. West Palm Beach (respondent's exhibit C).

In the incorporated case, it appeared that a consular and commercial invoice, showing a price of $10.14 per 100 pounds f. o. b. Havana, had been forwarded to the broker, Mr. Hanebrink, who made the entry, but that another invoice, giving a price of $19.10 per 100 pounds c. i. f. West Palm Beach, was not turned over to him on the ground that the difference was for commissions or brokerage fees. In the course of its decision, the court pointed out that petitioner had in its file an invoice showing a price much higher than the entered value; that it did not at any time make a candid and full disclosure of all information to its customs broker or to anyone else, until the customs agent requested its file; and that neither the petitioner nor the broker did anything to ascertain the true value of the merchandise, even after the visit of the customs agent. The court held that petitioner had failed to show that it had made full disclosure of all information in its possession to customs officials and had failed to produce satisfactory

evidence that the entry had been made in good faith. Accordingly, the petition was denied.

No additional facts have been adduced in the instant case which tend to show the good faith of this petitioner. We hold that petitioner has not sustained its burden of establishing by satisfactory evidence that it had no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is denied and judgment will be rendered for the respondent.